United States District Court
Southern District of Texas
**ENTERED**
October 09, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE HIETALA, *and*, | § | |
| BRIAN A. BREWER, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-01812 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Well Fargo's Motion for Summary Judgment (Doc. #12), Plaintiffs' Response (Doc. #13), and Defendant's Reply (Doc. #15). After considering the parties' arguments and applicable legal authority, the Court grants Defendant's Motion for Summary Judgment.

**I.    Background**

This is a mortgage foreclosure case concerning property located at 21615 Oak Creek Court, Katy, Texas 77450 (the "Property"). On December 10, 2008, Plaintiff Katherine Hietala ("Hietala") executed a note in the amount of $196,197.00 ("Note"). On that same day, Hietala executed a Deed of Trust to secure the Note ("Deed of Trust") (Note and Deed of Trust collectively, the "Loan"). The Loan was subsequently assigned to Defendant Wells Fargo ("Wells Fargo"). In April 2016, Hietala failed to make payments due under the Loan. On June 3, 2016, a Notice of Default was sent to Plaintiff. After Plaintiff failed to cure the default, a Notice of Acceleration was sent on April 10, 2017. Doc. #13, Ex. 3. The Notice of Acceleration listed the date of foreclosure sale as June 6, 2017. *Id.* On June 2, 2017, Hietala executed a special

warranty deed granting Plaintiff Brian A. Brewer ("Brewer") (Hietala and Brewer, collectively "Plaintiffs") an interest in the Property. Doc. #13, Ex. 4.

Based upon the foregoing, on June 3, 2017, Plaintiffs filed this lawsuit against Wells Fargo in the 334th Judicial District Court of Harris County, Texas. On June 14, 2017, Wells Fargo removed the case to this Court based on diversity.[1] Plaintiffs allege no notice default and fraud causes of action against Wells Fargo. Plaintiffs also seek injunctive relief. Wells Fargo now moves for summary judgment.

## II. Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby,*

---

[1] Texas substantive law applies to this diversity action. *See Am. Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001).

*Inc.*, 477 U.S. 242, 247–48 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n. 30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III. Analysis

#### A. No Notice of Default

Plaintiffs bring a cause of action against Wells Fargo under section 51.002 of the Texas Property Code for no notice of default. Tex. Prop. Code § 51.002(d). However, section 51.002 does not provide a private right of action.[2] *Carey v. Fargo*, No. CV H-15-1666, 2016 WL 4246997, at *2–3 (S.D. Tex. Aug. 11, 2016). Courts, however, have construed a claim for violations of section 51.002 as a claim for wrongful foreclosure. *Id.* Under Texas law, to recover

---

[2] Plaintiffs concede there is no private cause of action for a violation of section 51.002 of the Texas Property Code. Doc. #13 ¶ 10.

3

on a claim for wrongful foreclosure, a plaintiff must prove: "(i) a defect in the foreclosure sale proceedings; (ii) a grossly inadequate selling price; and (ii) a causal connection between the defect and the grossly inadequate selling price." *Miller v. BAC Home Mortgages Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (internal quotation marks omitted). Wells Fargo contends summary judgment is proper because there was no foreclosure. Texas does not recognize a cause of action for attempted wrongful foreclosure. *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446–47 (5th Cir. 2013); *Owens v. BAC Home Mortgages Servicing, L.P.*, No. 11-2742, 2012 WL 1494231, at *3 (S.D. Tex. Apr. 27, 2012).

It is undisputed the Property has not been foreclosed upon. Therefore, there is no genuine dispute of material fact that the elements of a wrongful foreclosure cause of action are not met. Accordingly, Wells Fargo's Motion for Summary Judgment is granted as to Plaintiffs' no notice of default claim.[3]

## B. Fraud

Plaintiffs contend Wells Fargo committed fraud by making false representations to Hietala. Wells Fargo contends summary judgment on Plaintiffs' fraud claim is proper because the economic loss rule bars their claim.[4] Under Texas law, the elements of a claim for fraud are: (1) the defendant made a material misrepresentation that (2) the defendant knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance (4) which the plaintiff actually and justifiably relied upon (5) causing the plaintiff injury. *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Ernst & Young, L.L.P.*

---

[3] Wells Fargo also contends summary judgment on Plaintiffs' no notice of default claim is proper because Wells Fargo sent proper notices. Additionally, Wells Fargo contends summary judgment is proper on all claims brought by Brewer because he does not have standing. In light of the Court's holding, however, the Court need not address these contentions.

[4] Plaintiffs concede that the economic loss rule would normally bar any claims for misrepresentation that arise from a contract. Doc. #13 ¶ 11.

*v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). To satisfy the injury element, a plaintiff must be able to show an injury separate from any contractual duty owed. *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494–95 (Tex. 1991) ("When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." (citations omitted)). Moreover, allegations of litigation costs are insufficient to defeat the economic loss doctrine. *Wiley v. U.S. Bank, N.A.*, No. 3:11-CV-1241-B, 2012 WL 1945614, at *12 (N.D. Tex. May 30, 2012).

Plaintiffs contend their fraud claim is not barred by the economic loss rule because they alleged damages independent of the contract, including litigation costs, unpaid interest, and damages to Hietala's credit.[5] Other than litigation costs, which are insufficient to avoid the economic loss doctrine, the Court finds the alleged damages for unpaid interest and damage to Hietala's credit stem from the Loan—the contractual relationship between the parties. *See Belanger v. BAC Home Loans Servicing, L.P.*, 839 F. Supp. 2d 873, 877 (W.D. Tex. 2011) (holding that a tort claim based on damage to plaintiff's credit score is an economic loss caused by failure to perform contractual obligations and thus barred by the economic loss rule). Plaintiffs have not claimed any other injury.[6] The Court therefore finds Plaintiffs' fraud claim is

---

[5] Plaintiffs also contend the economic loss rule does not apply because Wells Fargo violated Hietala's "due process right to cure the default of the loan, pay the accelerated amount of the loan, and to seek alternative loss mitigation." Doc. #13 ¶ 11. These allegations stem from the contractual relationship between the parties and are not sufficient to form the basis of a fraud claim.

[6] Plaintiffs argue that Wells Fargo's duty as a lender (being in a position of trust and authority) "supersedes the rationale for the economic loss rule based on public policy concerns and equitable principles." Doc. #13 ¶ 12. Wells Fargo's status as a lender is not a legally recognized exception to the applicability of the economic loss rule. Plaintiffs have not shown the Loan was entered fraudulently or that there are damages beyond the contractual relationship which could be exceptions to the economic loss doctrine. *See Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.* 960 S.W.2d 41, 46–47 (Tex. 1998).

barred by the economic loss rule. Accordingly, Wells Fargo's Motion for Summary Judgment is granted as to Plaintiffs' fraud claim.

### C. Injunctive Relief

Plaintiffs seek an injunction to prevent the foreclosure of the Property. Under Texas law, a request for injunctive relief is not a cause of action but a remedy sought to redress the wrongs alleged in an underlying cause of action. *Barcenas v. Federal Home Loan Mortg. Corp.*, Civ. A. No. H-12-2466, 2013 WL 286250, at *5 (S.D. Tex. Jan. 24, 2013). The Court has granted summary judgment on all causes of action asserted in this case by Plaintiffs. Accordingly, Wells Fargo's Motion for Summary Judgment is granted as to Plaintiffs' request for injunctive relief.

### IV. Conclusion

For the foregoing reasons, Wells Fargo's Motion for Summary Judgment is GRANTED.

It is so ORDERED.

OCT 0 9 2018
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge